BOUSSON v MITCHELL

Docket No. 77-2687. Submitted April 14, 1978, at Detroit.—Decided June 6, 1978.

In 1968 Alfred Bousson, a married man, purchased some land on land contract. A divorce action was instituted and the trial court issued a preliminary injunction enjoining Mr. Bousson from selling or encumbering his property. While his divorce was pending, Frances and Louis Mitchell obtained a default money judgment against Mr. Bousson. The trial court in that case then enjoined Mr. Bousson from transferring or encumbering his property. On November 14, 1969, a levy of execution on the property in favor of the Mitchells was issued and recorded. On January 7, 1971, a divorce judgment was entered and duly recorded giving Elizabeth Bousson all of Alfred Bousson's interest in the property. In 1973 Loren E. Bodem was appointed receiver of Alfred Bousson. He filed suit against Mr. Bousson alone to foreclose his interest in the property. The court entered an order adjudging the receiver's interest superior to that of Mrs. Bousson by virtue of the notice and levy of execution. Mrs. Bousson, not a party to the suit, moved the court to vacate the levy of execution because it had expired; the motion was heard and denied, as was a motion for rehearing. Mrs. Bousson appealed to this Court but her claim of appeal was denied because the order appealed from was not a final judgment and was a post-judgment order, which was appealable only by leave. Mrs. Bousson did not file an application for leave to appeal. Mrs. Bousson for herself and as trustee of her minor children filed an action in Macomb Circuit Court against the Mitchells and Mr. Bodem to quiet title to the property. The court, Edward J. Gallagher, J., granted summary judgment to defendants on the grounds of res judicata. Plaintiff appeals. *Held:*

1. The doctrine of res judicata applies where three prerequisites are satisfied: (1) the former action must have been decided on the merits; (2) the same matter raised in the second action

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 394 *et seq.*
[2] 46 Am Jur 2d, Judgments §§ 524, 529 *et seq.,* 535.

must have been decided in the first; and (3) the two actions must be between the same party or their privies.

2. The identity of parties requirement is met where one party, while not a named party to the former lawsuit, was an active participant in it and is a party to the latter suit.

Affirmed.

1. Judgment—Res Judicata.

The doctrine of res judicata bars the redetermination of an issue where three prerequisites are met: (1) the former action must have been decided on the merits; (2) the same matter raised in the second action must have been decided in the first; and (3) the two actions must be between the same parties or their privies.

2. Judgment—Res Judicata—Named Parties.

The fact that a person is not a named party to a lawsuit does not forestall the application of the doctrine of res judicata as long as the party was an active participant in the first lawsuit.

*VanDeGraaf & VanDeGraaf,* for plaintiff.

*Steve S. Michaels,* for defendants.

Before: T. M. Burns, P. J., and N. J. Kaufman and Bashara, JJ.

Per Curiam. Plaintiff appeals an order granting defendants' motion for summary judgment[1] based on the doctrine of res judicata. The present lawsuit is an action by plaintiff to quiet title to her ex-husband's interest in a certain parcel of land.

In 1968, plaintiff's ex-husband, Alfred Bousson, was in the process of purchasing the land in question together with another person, by means

---

[1] The defense of res judicata is properly raised by a motion for accelerated judgment, not summary judgment. GCR 1963, 116.1(5). This mislabeling, however, is harmless in the present case and thus does not necessitate reversal, since both parties understood the substance of the motion and were not prejudiced by the mislabeling. *See, Curry v Detroit,* 394 Mich 327; 231 NW2d 57 (1975), Bashara, *The Elusive Summary Judgment Rule: Sifting Through the Maze,* 1976 D C L Rev, Issue 3, pp 397, 398–399.

of a land contract. Each party had a one-half interest in the land contract. In October of that year, a divorce action was instituted. The trial court in that case issued a preliminary injunction enjoining Alfred Bousson from selling or otherwise encumbering his property.

During the pendency of the divorce action, a default judgment was entered against Alfred Bousson in a negligence suit in favor of the Mitchells, defendants in this case. The trial court in the negligence case also prohibited Alfred Bousson from transferring or otherwise encumbering his property, pursuant to MCL 600.6104; MSA 27A.6104, which enumerates the powers of a court in supplementary proceedings after judgment.

On November 14, 1969, a levy of execution on the property in question was issued in favor of the Mitchells and recorded. On January 7, 1971, a divorce judgment was entered, giving plaintiff all of Alfred Bousson's interest in the property in question. A receiver was appointed in 1973, to protect the rights of the judgment creditors, and on August 13 of that year, the receiver was directed to foreclose on any interest Alfred Bousson might have in the property in dispute.

Pursuant to the court order of August 13, 1973, the receiver filed a new lawsuit seeking to foreclose on Alfred Bousson's interest in the property. On November 14, 1973, the trial court entered an order adjudging the receiver's interest superior to that of plaintiff by virtue of the notice and levy of execution. Plaintiff filed a motion in the receiver's lawsuit to vacate the levy of execution. The motion was heard, denied, and a motion for rehearing the matter was also denied. Upon denial of the motion for a rehearing, plaintiff appealed the decision to this Court. The claim of appeal was not accepted

because the order was not a final judgment from which a claim of appeal was appropriate, but was instead a post-judgment order which is only appealable by leave. No leave to appeal was filed.

Thereafter, plaintiff filed the present action to quiet title to the land in question. As noted earlier, summary judgment for defendants was granted by the trial court.

Although plaintiff raises a multitude of issues on appeal concerning who is the rightful owner of the property in question, the only real issue in this case is whether the present suit is barred by the doctrine of res judicata.

There are three prerequisites to the application of this doctrine. First, the former action must have been decided on the merits. Second, the same matter raised in the second action must have been decided in the first. Third, the two actions must be between the same parties or their privies. *Curry v Detroit,* 394 Mich 327, 331; 231 NW2d 57 (1975), *Fry v Kaiser,* 60 Mich App 574, 578; 232 NW2d 673 (1975), *lv den,* 394 Mich 830 (1975).

There can be no dispute that the first action was decided on the merits, and thus, the first criterion of the res judicata doctrine was satisfied. There can also be no dispute that the same issues were raised in both suits. A comparison of plaintiff's brief on appeal with her reply brief in the former action clearly demonstrates that the present action merely reiterated the same issues addressed and resolved by the trial court in the first case.

Thus, the only issue that remains is whether the third criterion, regarding the identity of the parties, is satisfied. Plaintiff contends that she was never a party to the first suit and, therefore, her interest in the property was never adjudicated. Review of the prior proceeding, however, clearly

shows that plaintiff, although not an actual party to the suit, was a most active participant in the action. Plaintiff filed the motions, and argued the merits of the issue by briefs. Plaintiff controlled the course of the litigation and asserted her allegedly superior rights to the property, by virtue of the divorce decree. Thus, it cannot be denied that she received an adjudication of her rights to the property.

The fact that a person is not a named party to a lawsuit does not forestall the application of the doctrine of res judicata as long as the party was an active participant in the first lawsuit.

"A person who is not a party but who controls an action, individually or in co-operation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or a question of law with reference to the same subject matter or transaction * * * ." Restatement Judgments, § 84, p 390. Accord, *Carpenter v Carpenter,* 136 Mich 362; 99 NW 395 (1904).

Plaintiff's activity clearly made her a participating, if not a controlling, party in the first lawsuit. Thus, the third criterion of the res judicata doctrine has also been satisfied.

Therefore, since the former action to vacate the execution levy was decided on the merits, and there was identity of issues and parties between that suit and the present suit, the doctrine of res judicata is applicable, and the present lawsuit is barred.[2]

Affirmed.

---

[2] Had plaintiff owned an interest in the disputed land, we note that she could have maintained an action to quiet title as to that interest, despite the fact that the action would be res judicata as to her ex-husband's interest in the property.