WALTERS v NORLIN

Docket No. 52446. Submitted August 2, 1982, at Grand Rapids.—
    Decided February 24, 1983.

Martha Walters filed a complaint for divorce in Newaygo Circuit
    Court. Ancillary to that complaint, Mrs. Walters obtained a
    preliminary injunction prohibiting her husband, Hugh T. Wal-
    ters, from "selling, transferring or disposing of any assets
    owned jointly by the parties or individually by either of them
    during the pendency of this suit". While the divorce action was
    pending and after the preliminary injunction had been issued,
    Mrs. Walters delivered to Leah Norlin, her sister, an envelope
    that contained a collection of silver dollars and cash totaling
    $6,792. The cash came from a savings account held jointly by
    Mrs. Walters and Barbara Matych, her sister. On the evening
    of the day of delivery of the envelope, Mrs. Walters died in a
    fire, thereby terminating the divorce proceedings. Hugh Wal-
    ters was appointed administrator of the estate of his deceased
    wife. Walters' attorney petitioned the Newaygo Probate Court
    to close the probate estate due to the absence of any property
    to be administered, noting that $6,329.73 had been paid to Ms.
    Norlin prior to Mrs. Walters' death and, accordingly, no assets
    remained in the estate of Mrs. Walters. The petition was
    granted and the estate was closed. Nine months later, Walters
    petitioned the probate court to reopen the estate, claiming that
    the transfer to Ms. Norlin was not a gift but was merely a
    transfer for safekeeping and that such transferred sums were
    in the estate of Mrs. Walters on the day of her death. The
    probate court dismissed the petition to reopen the estate on the
    basis that there were no newly discovered assets. Walters
    thereafter brought an action in Newaygo Circuit Court against
    Norlin, Matych and Peg Ann Carlson, seeking recovery of the
    cash and silver dollars. Richard I. Cooper, J., ruled in favor of
    Walters, holding that the probate proceedings did not bar the
    circuit court action through the operation of res judicata be-

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 457.
[2] 46 Am Jur 2d, Judgments § 586.
[3] 42 Am Jur 2d, Injunctions § 337.

cause the probate court made no decision on the merits but rather decided the matter on procedural grounds. Defendants appeal by leave granted. *Held:*

1. The doctrine of res judicata was applicable. The question of whether these assets were subject to probate was pleaded in the probate court, that question was submitted to the probate court and the probate court made a determination. The circuit court action, therefore, was barred under the principles of res judicata.

2. The circuit court erred in holding that the divorce action injunction was equally applicable to Mrs. Walters. Injunctions are to be specific and will be construed narrowly. Since the injunction specifically named Mr. Walters, it was error to hold that the injunction also prohibited Mrs. Walters, who had sought the injunction, from the enumerated acts.

3. The evidence clearly established a valid gift of the cash and silver dollars.

Reversed.

1. JUDGMENT — RES JUDICATA.

A determination by a probate court to close an estate on the basis that there were no probatable assets in the estate where the question was raised in the probate proceeding as to whether the transfer of certain funds by the decedent prior to death was a gift acts as a bar under res judicata principles to any further proceeding in circuit court to seek return of those funds on the ground that those funds were not transferred as a gift but rather for safekeeping.

2. JUDGMENT — RES JUDICATA.

The doctrine of res judicata applies not only to issues which were litigated in the prior action but also to issues which could have been raised.

3. INJUNCTIONS — SCOPE OF INJUNCTIONS.

Injunctive orders are to be specific and will be narrowly construed; accordingly, an injunction which specifically prohibits certain activities of a named party will not be construed as placing those restrictions upon another unnamed party (GCR 1963, 718.9).

*Schmidt, Howlett, Van't Hof, Snell & Vana* (by *Larry J. Titley),* for plaintiff.

*William A. Harper,* for defendants.

Before: V. J. BRENNAN, P.J., and D. E. HOL-BROOK, JR., and J. R. ERNST,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff and Martha Lula were married on September 15, 1927, living thereafter as husband and wife until August 22, 1975. Martha Lula Walters filed a complaint for divorce in Newaygo County Circuit Court. Ancillary to the filing of her complaint, she obtained a preliminary injunction prohibiting plaintiff from coming upon the marital premises and also "from selling, transferring or disposing of any assets owned jointly by the parties or individually by either of them during the pendency of this suit".

While the divorce and preliminary injunction were pending, Mrs. Walters delivered an envelope to defendant Norlin, her sister, containing a collection of silver dollars and cash totaling $6,792. The cash came from a joint savings account held with her sister, defendant Matych. The same evening, Mrs. Walters died in a fire, thereby terminating the divorce proceedings.

On April 21, 1976, plaintiff was appointed by the Newaygo County Probate Court to administer the estate of Mrs. Walters. On July 30, 1976, plaintiff's attorney petitioned the probate court to close the probate estate "due to the absence of any property to be administered", noting that the sum of $6,329.73 had been paid to defendant Norlin prior to the death of Mrs. Walters and, accordingly, no assets remained in her estate. The petition was granted and the estate closed on August 2, 1976.

On May 12, 1977, plaintiff petitioned the probate court to reopen the estate, claiming that the transfer of funds to defendant Norlin was not a gift but was merely a transfer for safekeeping and, there-

* Circuit judge, sitting on the Court of Appeals by assignment.

fore, should have been in the estate on the day of death. Following a hearing, the probate court dismissed the petition to reopen the estate based on the lack of newly discovered assets.

Thereafter, plaintiff instituted this action in circuit court seeking to recover the cash and silver dollars. The circuit court ruled in favor of plaintiff and defendants appeal said ruling.

First defendants contend the trial court erred in finding the defense of res judicata to be inapplicable to the circuit court proceedings. The circuit court held:

"This court finds that the defense of res judicata does not apply in this matter. At the time that the probate estate was commenced there was not a de facto estate. Therefore the estate was dismissed for lack of assets. However there was a latent dejure estate which has been brought to life by this present circuit court proceeding. The probate court action was not resolved 'on the merits' but instead on the basis of procedural grounds. An actual probate of an estate had not taken place. There was no litigation in probate court as to the conveyances by the deceased. This court agrees that the Newaygo County Probate Court could have determined title to the conveyed assets, however that opportunity did not materialize. Thus the matter was not litigated 'on the merits'."

We disagree with the circuit court's findings and hold the probate court's order barred any further action in the circuit court. The probate judge made the following findings and order:

"Whereas, it has been determined that there were no probatable assets within the estate of Martha Lula Walters upon her death March 29, 1976, and whereas the administrator, Hugh T. Walters, has no goods, chattels, money, effects, nor property of estate, said estate in his hands to administer, said estate is closed

and the limited letters of authority granted to the administrator, Hugh T. Walters, on April 27, 1976, are hereby revoked and canceled and said administrator is discharged."

First, the probate court action was a decision on the merits, based on pleadings and admissions, and was not merely procedural. The probate court made a finding that there were no probatable assets and, based on that finding, issued an order. Second, res judicata applies not only to issues which were litigated, but also to issues which could have been litigated. *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980). Third, the issue herein was "actually litigated".

"A question has not been actually litigated until put in issue by the pleadings, submitted to the trier of fact for a determination, and thereafter determined." *Sahn v Brisson,* 43 Mich App 666, 670; 204 NW2d 692 (1972).

The question of whether these assets were probatable was pleaded, submitted to the trier of fact for a determination, and thereafter determined.

Second, defendants claim that the trial court erred in finding that the injunctive order, ancillary to the divorce proceedings, was equally applicable to Mrs. Walters. We agree. Under equitable principles, the trial court held that since plaintiff was precluded from transferring any assets of his personal estate or the marital estate during the pendency of the divorce so too was Mrs. Walters.

While it may have been equitable to impose the same restrictions on Mrs. Walters as she sought to have imposed against plaintiff, the injunctive order simply did not put those restrictions on her. The order was addressed specifically and applied only

to plaintiff. It sought to enjoin him only, not Mrs. Walters, as she was the complainant in the action. Moreover, the General Court Rules provide:

"Form and Scope of Injunction. Every order granting an injunction or restraining order

"(1) shall set forth the reasons for its issuance;

"(2) shall be specific in terms;

"(3) shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and

"(4) is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." GCR 1963, 718.9.

The court rule makes it clear that injunctions are to be specific and narrowly construed. We hold the transfers made By Mrs. Walters were not violative of the court's injunctive order.

We further hold that, contrary to the trial court's findings, Mrs. Walters made valid gifts of the money and coins. She had sufficient ownership in each to validly dispose of them prior to her death. The validity of these gifts was conclusively decided by the probate court order which took into consideration the following representations made by plaintiff through his attorney in the Newaygo County Probate Court:

"Russell E. Price, Attorney for Hugh T. Walters, Administrator of the above captioned estate, represents to the court as follows:

"That thorough investigation for assets owned by the deceased as of date of death, March 29, 1976, revealed no probate estate.

"Further, that the Martha Walters bank account

with the Fremont Bank & Trust Company had been withdrawn by the decedent prior to her death on March 29, 1976 and paid over to her sister, Mrs. Henry E. Norlin of Pickeral Lake, Newaygo, Michigan 49337, in the amount of approximately $6,329.73. Therefore, said property was not in the estate of Martha Lula Walters at her date of death."

These representations, made five months after Mrs. Walters' death, strongly indicate that plaintiff had no claim to the money or coins. It was not until ten months later that plaintiff attempted to have the estate reopened to make a claim of ownership.

The circuit court is reversed and the matter is remanded for an order dismissing plaintiff's action. Costs to appellants.