BARRERA v BECHTEL POWER CORPORATION

Docket No. 77667. Submitted May 21, 1985, at Marquette.—Decided July 15, 1985.

Plaintiffs, Jose Barrera and Judy E. Barrera, brought an action against Bechtel Power Corporation and several other defendants, seeking damages for an injury suffered by Jose Barrera during the course of his employment. Employers Insurance of Wausau was allowed to intervene as a plaintiff. Bechtel sought an accelerated judgment on the basis of an award of damages which plaintiffs had received in an earlier federal court action in Texas. The other defendants were allowed to amend their answers to include the affirmative defense of satisfaction, after which they brought motions for summary judgment. The Marquette Circuit Court, Edward A. Quinnell, J., granted a summary judgment in favor of all the defendants. Plaintiffs appealed. *Held:*

1. Satisfaction, as an affirmative defense, should have been brought as part of a motion for accelerated, not summary judgment. However, the mislabeling was harmless because all of the parties understood the substance of the motion and were not prejudiced by the mislabeling.

2. The issue presented is whether the plaintiffs were fully compensated for the injuries in the federal court litigation in Texas. The analysis is analogous to that used in determining whether collateral estoppel would apply. Under that analysis the prior litigation is conclusive only as to issues actually litigated.

3. Review of the record of the federal court litigation indi-

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Summary Judgment § 11.
   See the annotations in the ALR3d/4th Quick Index under Summary Judgment.
[2] Am Jur 2d, Summary Judgment § 12 *et seq.*
[3] Am Jur 2d, Judgments § 379 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under Collateral Estoppel Doctrine.
[4] Am Jur 2d, Judgments § 979 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under Satisfaction of Judgment.

cates that the subsequent Michigan injury was argued to have been a result of the negligence of the defendant in that case. Evidence was offered in federal court that Mr. Barrera was made more vulnerable to subsequent injuries, including the Michigan injury at issue in this case. It is clear that the plaintiffs sought to recover for the Michigan injury as a part of the federal litigation. Their recovery in federal court thus included recovery for the injury complained of in this case.

4. Plaintiffs' allegation that the trial court's judgment should be reversed because the entire record of the federal case was not presented to the trial court is without merit. Plaintiffs have shown no prejudice on this issue.

Affirmed.

1. DEFENSES — SATISFACTION — AFFIRMATIVE DEFENSE — ACCELERATED JUDGMENT.

Satisfaction, as an affirmative defense, should be brought as part of a motion for accelerated, not summary, judgment; however, a summary judgment based on satisfaction was harmless error where it is clear that all of the parties understood the substance of the motion and were not prejudiced by the mislabeling (GCR 1963, 111.7).

2. MOTIONS AND ORDERS — ACCELERATED JUDGMENT.

A motion for accelerated judgment is proper only where no material factual dispute exists between the parties.

3. ACTIONS — PRIOR ACTIONS — SATISFACTION — COLLATERAL ESTOPPEL.

The procedure to be followed in determining whether a judgment in a prior action included all of a plaintiff's losses is analogous to the procedure used in deciding whether collateral estoppel applies: the prior litigation is conclusive only as to issues actually litigated, that is, put in issue by the pleadings, submitted to the trier of fact and determined.

4. ACTIONS — PRIOR ACTIONS — SATISFACTION.

A plaintiff is barred from litigating a claim for damages for a subsequent injury after litigating a claim for damages for an earlier injury where review of the record of the earlier litigation clearly shows that the plaintiff was claiming that the subsequent injury was attributable to the effects upon him of the earlier injury; under these circumstances plaintiff's recovery in the first action included compensation for the injury claimed as the basis of the subsequent action.

*Davis, Olsen, Filoramo & Plackowski, P.C.* (by *Alan D. Jarvi),* for plaintiffs.

*Weiss, Geissler & Dean, P.C.* (by *Timothy M. Dean),* for Bechtel Power Corporation.

*Clancey, Hansen, Chilman, Graybill & Greenlee, P.C.* (by *Ronald E. Greenlee),* for The Cleveland Cliffs Iron Company, Upper Peninsula Power Company, Upper Peninsula Generating Company and Cliffs Electric Service Company.

Before: CYNAR, P.J., and HOOD and R. L. OLZARK,* JJ.

CYNAR, P.J. Plaintiffs commenced a negligence action in Marquette County Circuit Court against Bechtel Power Corporation on December 27, 1977. The complaint was amended to include the other named defendants. Employers Insurance of Wausau was allowed to intervene in November, 1980. On March 15, 1984, Bechtel Power Corporation moved for accelerated judgment on the basis of a damage award plaintiffs received in an action tried in Texas in 1979. In that case, *Jose Barrera v E I du Pont de Nemours & Co, Inc,* Civil Action No. B-77-538-CA, a judgment was entered against du Pont by the United States District Court for the Eastern District of Texas. All of the defendants, with the exception of Azco, Inc., moved to amend their answers to add the affirmative defense of satisfaction. These defendants, including Azco, then moved for summary judgment. The motions to amend were granted and summary judgment was granted to the defendants on March 27, 1984. Plaintiff appeals the order granting summary judgment to this Court as of right.

Initially we note that satisfaction was an affir-

* Circuit judge, sitting on the Court of Appeals by assignment.

mative defense under former rule, GCR 1963, 111.7. As an affirmative defense it should have been brought as part of a motion for accelerated judgment. *Farmers Ins Group v Clear,* 94 Mich App 655, 661; 290 NW2d 51 (1980). This error was harmless, however, because it is clear that all of the parties understood the substance of the motion and were not prejudiced by the mislabeling. *Bousson v Mitchell,* 84 Mich App 98, 99, fn 1; 269 NW2d 317 (1978).

The issue in this case is whether the trial court erred in granting summary judgment to the defendants based on the defense of satisfaction. A motion for accelerated judgment is proper only where no material factual dispute exists between the parties. *Kropff v City of Monroe,* 128 Mich App 450, 452; 340 NW2d 119 (1983).

The issue is whether plaintiffs were fully compensated for their injuries through the litigation in the federal court in Texas. It has been noted that the procedure to be followed in determining whether a judgment in a prior action included all of a plaintiff's losses is analogous to the procedure used in deciding whether collateral estoppel applies. *Knutsen v Brown,* 96 NJ Super 229, 236; 232 A2d 833, 837 (1967). Under collateral estoppel, the prior litigation is conclusive only as to issues actually litigated. *Topps-Toeller, Inc v Lansing,* 47 Mich App 720, 727; 209 NW2d 843 (1973), *lv den* 390 Mich 788 (1973). A question is litigated when it is put in issue by the pleadings, submitted to the trier of fact for a determination and thereafter determined. *Walters v Norlin,* 123 Mich App 435; 332 NW2d 569 (1983).

The issue of whether a judgment in a prior jury trial constituted an award for all of the plaintiffs' injuries, including those subsequent injuries proximately caused by the original injury, has not been

explicitly dealt with by the courts in Michigan. However, we are guided by the following statement by Justice WILLIAMS in his dissenting opinion in *Stitt v Mahaney,* 403 Mich 711, 734, fn 11; 272 NW2d 526 (1978):

"If this case resulted subsequent to a trial and judgment against the original tortfeasor, the problem would be simplified. The pleadings, proofs and judgment at the original trial could simply be examined and if found to encompass an award for all injuries, including those alleged to result from the malpractice, then the first satisfaction would bar a second suit. See *Cimino v Alway,* 18 Ariz App 271, 276; 501 P2d 447, 452 (1972)."

However, *Stitt v Mahaney, supra,* dealt with the effect of a release, given to the original tortfeasor, on the plaintiffs' malpractice claim against a subsequent successive tortfeasor and is not dispositive of the issue before us. The issue is still essentially one of first impression in Michigan.

As noted above, this defense is analogous to a claim of collateral estoppel. The trial court in this instance was obliged to examine the pertinent part of the record in the Texas case in order to decide if the plaintiffs recovered for the subsequent injuries in Michigan which were proximately caused by the Texas defendant's negligence.

In *Sacchetti v Springer,* 303 Mass 480; 22 NE2d 42 (1939), a case involving a medical malpractice claim arising after but also out of the initial injury, the jury was instructed that the plaintiff was entitled to recover for any injuries that resulted from the initial injury. The court further instructed the jury that:

"This is her day in court. It is the only time that she can come before a jury asking for compensation for injuries resulting from this particular set of facts." 303 Mass 481.

On appeal the court ruled that the plaintiff was barred from recovering on the malpractice claim because this instruction had informed the jury that the plaintiff could only recover once for all of her injuries. In *Cimino v Alway,* 18 Ariz App 271; 501 P2d 447 (1972), also a malpractice action for injuries received subsequent to the original injury, the court noted that the issue must be resolved by comparing the injuries for which the present plaintiff seeks to recover with those for which plaintiff recovered in the prior action. The court in *Cimino v Alway, supra,* relied on *Knutsen v Brown, supra. Knutsen v Brown* states that the question is to be resolved by an examination of the pertinent portions of the record including answers to interrogatories, the pretrial order, testimony, the charge of the court and opening and closing statements of counsel. The approach used in *Knutsen v Brown, supra,* was impliedly endorsed by Justice Williams in his dissenting opinion in *Stitt v Mahaney, supra.* Therefore, we must turn to the record of the prior action in the Texas court in order to resolve this issue.

Examination of the Texas complaint shows that counts VI and VII of the complaint in the prior action allege that the injury in Texas, in August, 1976, was the proximate cause of the later injury at issue here. The Texas defendant, du Pont, denied these allegations in the pretrial order.

In his opening statement at the Texas trial, plaintiffs' counsel stated that "he has had a couple of injuries since then, which are attributable to the effects that this injury [in Texas] had upon him". Plaintiffs' counsel also made specific reference to the injury now at issue before us.

Plaintiffs offered evidence that the Texas injury made Barrera more vulnerable to accidents, including the Michigan injury. During his closing

statement, plaintiffs' attorney reiterated that the subsequent injuries were part and parcel of the claim before the Texas jury. He stated: "And this is this last injury—this is the thing that broke the straw; the straw that broke the camel's back. The first injury is what set them all up and caused them [the injuries], and then this last one [in Michigan], now, he is physically and mentally incompetent, in so many words."

Counsel continued in rebuttal stating this was plaintiffs' only day in court, stating to the jury that all of plaintiffs' injuries were directly traceable to the Texas accident.

This claim was again posited to the jury by the court in its statement of plaintiffs' case during instructions. The jury was instructed that damages were recoverable for all injuries traceable to the primary negligence.

It is clear from the record before us that the plaintiffs sought to recover for the subsequent injury in Michigan while litigating the case in Texas. This is clear from the complaint, arguments, pertinent testimony and instructions. The fact that plaintiffs recovered $300,000 in the prior action rather than the $750,000 they originally sought is of no moment; the jury as finder of fact is charged with determining the proper amount of damages. We cannot say plaintiffs did not recover for the subsequent injury merely because the jury did not award all of the damages for which they prayed, especially when it is clear that the issue of the subsequent injuries played a prominent part in plaintiffs' Texas action.

Plaintiffs would have us reverse the trial court nonetheless, because the entire record was not presented to the Marquette County Circuit Court. We do not read the precedent we have cited as requiring the complete record to be submitted to

the trial court for adjudication of such a motion. Only the pertinent portion of the record, as was submitted here, is necessary. Plaintiffs have not suggested to us what additional portions of the record of the prior case should have been before the trial court. They merely argue that the entire record should have been before the trial court. We are unable to see how plaintiffs were prejudiced and will not reverse merely on the bald suggestion that the record is incomplete.[1] The plaintiffs were compensated for this injury in Texas; they cannot attempt a double recovery by pursuing their claim against these defendants in Michigan.

Affirmed.

---

[1] Plaintiffs note that the portions of the record dealing with du Pont's defense was not submitted to the Marquette County Circuit Court. The portions of the record before the trial court mainly deal with plaintiffs' claims before the Texas court. We believe that the Texas defendant's position, given the adversarial nature of a trial, would obviously contravene plaintiffs' assertions at the trial. This suggests to us that placing the entire record before the Marquette County Circuit Court would only compel with greater force the conclusion that the matter of the Michigan injuries, their proximate cause by the Texas defendant and subsequent compensation for them by the Texas jury, was litigated in Texas and compensated for by the Texas judgment. A question is litigated when it is put in issue by the pleadings, submitted to the trier of fact for a determination and thereafter determined. *Walters v Norlin, supra.*