### PACKER v DANA CORPORATION

Docket No. 80503. Submitted November 20, 1985, at Lansing.—Decided February 5, 1986. Leave to appeal denied, 425 Mich —.

Plaintiff, Lee D. Packer, was employed by defendant Dana Corporation at its Atlas Forge plant. Plaintiff agreed to attend an alcohol treatment program as a condition for continued employment. Plaintiff's employment was terminated after he missed a meeting scheduled for his alcohol treatment. Plaintiff was covered by a collective bargaining agreement. Plaintiff filed suit in Ingham Circuit Court against defendants Dana Corporation, Atlas Forge Plant, Ray Fredericks, General Plant Manager, C. H. Penrod, Personnel Manager, and other unidentified persons named as John Does. Defendants moved for summary judgment and accelerated judgment contending that the circuit court lacked subject-matter jurisdiction. The circuit court, Michael G. Harrison, J., granted defendants' motion for summary judgment following a hearing. Plaintiff appealed. *Held:*

The trial court incorrectly held that federal courts had exclusive jurisdiction over plaintiff's claim. However, the grant of summary judgment need not be reversed since plaintff's action was filed beyond the applicable period of limitation for his claim.

Affirmed.

LABOR RELATIONS — LABOR MANAGEMENT RELATIONS ACT — UNFAIR LABOR PRACTICES — LIMITATION OF ACTIONS.

A plaintiff may not file an action under the federal Labor Management Relations Act for any alleged unfair labor practice occurring more than six months prior to the filing of the action (29 USC 160[b]).

*William T. King,* for plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Free-*

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 546 *et seq.,* 1369-1387.

Period of limitations or laches to be applied under 29 USC §§ 185, 187, in action for breach of labor contract or damages from unfair labor practices. 19 ALR3d 1034.

man (by *Joseph A. Fink* and *John M. Lichtenberg),* for defendant.

Before: T. M. BURNS, P.J., and D. E. HOLBROOK, JR., and J. D. PAYANT,* JJ.

PER CURIAM. Plaintiff was employed by defendants from July of 1973 until January, 1981. During this period of time plaintiff developed an alcohol problem. The parties agreed that plaintiff would attend an alcohol treatment program as a condition to retaining his job. Plaintiff failed to attend a scheduled meeting and was fired in January of 1981. This suit was filed in August of 1983. At all pertinent times, plaintiff was covered by a collective bargaining agreement. Defendants brought motions for summary judgment and accelerated judgment. The trial court granted defendants' motion for summary judgment holding that § 301 of the Labor Management Relations Act, 29 USC 185(a), was plaintiff's exclusive remedy and that, therefore, the circuit court lacked jurisdiction. Plaintiff now appeals as of right.

The trial court was incorrect in stating that federal courts had exclusive jurisdiction. *Harris v Edward Hyman Co,* 664 F2d 943 (CA 5, 1981), *reh den* 669 F2d 733, and *Ciba-Geigy Corp v Local 2548, United Textile Workers of America, AFL-CIO,* 391 F Supp 287, 296 (D RI, 1975). The grant of summary judgment, however, need not be reversed. When a trial court reaches the right result for the wrong reason we do not reverse. *Robertson v Detroit,* 131 Mich App 594; 345 NW2d 605 (1983).

The reason that summary judgment was correct is because the applicable period of limitation is six months. See 29 USC 160(b) and *Del Costello v*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*International Brotherhood of Teamsters,* 462 US 151; 76 L Ed 2d 476; 103 S Ct 2281 (1983). As plaintiff waited 2½ years, his claim is barred. Accordingly, the grant of summary judgment is affirmed.

Affirmed.