Patricia HUNTER and Thomas
Hunter, Plaintiffs,

v.

SPERRY TOP SIDER, INC., a foreign
corporation, and Stride Rite Corpora-
tion, a foreign corporation, Defendants.

No. 85–CV–74483–DT.

United States District Court,
E.D. Michigan, S.D.

March 26, 1986.

William A. Roy, Birmingham, Mich., for
plaintiffs.

Jonathan M. Jaffa, Southfield, Mich., for
defendants.

Larry S. Baker, Southfield, Mich., for
third-party defendant.

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

La PLATA, District Judge.

Injured in a slip and fall incident at a
Chatham's supermarket on October 10,
1982, Plaintiff, Patricia Hunter,[1] instituted
a negligence action against Chatham in the
Oakland County Circuit Court. A media-
tion evaluation of $48,000.00, which was
accepted by both parties, was rendered by
a three person panel on May 15, 1984. A
judgment incorporating the settlement was
entered by Judge John N. O'Brien on July
11, 1984. Shortly thereafter, Chatham sat-
isfied the judgment in full.

On September 27, 1985, Plaintiff and her
husband instituted a negligence action in
this court against Sperry Top Sider and
Stride Rite Corporation, averring that she
sustained injuries on October 10, 1982, at a
Chatham grocery store when her negligent-
ly designed footwear caused her to slip and
fall. Defendants filed a Motion for Sum-
mary Judgment,[2] maintaining that the
judgment and satisfaction of judgment bar
Plaintiff from seeking additional damages
for her injury. Relying primarily on
*Blackman v. Simpson*[3] and *Barrera v.
Bechtel Power Corp.*,[4] Defendants argue
the judgment in the circuit court operates

1. Included in the lawsuit was Thomas Hunter,
Plaintiff's husband, on a loss of consortium
claim.

2. Nutrax, Inc., a third-party defendant, joined in
the motion.

3. 120 Mich. 377, 79 N.W. 573 (1899).

4. 144 Mich.App. 237, 375 N.W.2d 362 (1985).

as a Satisfaction, defined in 1 C.J.S. § 23, pp. 489–490 as a doctrine that ordinarily precludes an injured party from seeking damages from a joint tortfeasor after obtaining full payment from the other wrongdoer.

In this matter, a trial was not held at which the fact finder rendered a verdict in Plaintiff's favor for the entire amount of damages that she claimed to have sustained. Instead, a settlement occurred, at the amount recommended by the mediation panel. In his treatise on Torts, Dean William Prosser expressed the following view regarding a plaintiff's settlement with one of the tortfeasors:

> The only desirable rule would seem to be that a plaintiff should never be deprived of a cause of action against any wrongdoer when the plaintiff has neither intentionally surrendered the cause of action nor received substantially full compensation.[5]

In *Ortiz v. Travelers Insurance Co.*,[6] the Plaintiff, a patron at a grocery store, suffered a serious, permanent injury when a soda pop bottle exploded near his face. Awarded $35,000.00 against the manufacturer of the product, he thereafter entered into a consent judgment in the sum of $25,000.00 with the manufacturer, an amount which was paid in full. Three years later, Plaintiff instituted a breach of contract action against Travelers Insurance Company, the insurer of the grocery store owner, in which he averred that the insurer reneged on a settlement agreement in the amount of $5,184.00. As a defense to the allegations, the insurance company argued that Plaintiff was precluded from seeking additional recovery for the incident in view of his receiving a satisfaction of the judgment obtained against the bottle manufacturer.

Reversing the trial court's dismissal of the action, the Michigan Court of Appeals held that the consent judgment entered into by Plaintiff with the manufacturer did not bar him from seeking additional compensation from a joint tortfeasor, the seller of the defective product:

> In essence, then, we have a situation where a plaintiff has made two settlements with two separate parties who were arguably liable for plaintiff's single injury. We know of no rule that either settlement would be the measure of the single satisfaction to which plaintiff is limited. Travelers' agreement to settle was at a figure substantially lower than the Vernors' settlement, perhaps because of doubtful liability. Vernors' settlement was less than the jury verdict, perhaps because of a possible challenge to the validity of the verdict. In nearly every settlement, the total extent of the plaintiff's damages is but one of the many factors considered.[7] (footnotes omitted)

In *Barrera v. Bechtel Power Corp.*,[8] the jury rendered a verdict in favor of Plaintiffs in a federal trial conducted in the State of Texas. Subsequently, Plaintiffs sought additional recovery for the injuries in a Michigan circuit court against other Defendants. The *Barrera* Court held that the second tort action was barred by the doctrine of Satisfaction, since the jury in Texas, of necessity, determined the full amount of damages to which Plaintiffs were entitled for the injuries.[9]

In the nineteenth century case of *Blackman v. Simpson*,[10] the Plaintiff commenced a lawsuit for false arrest and false imprisonment against three malefactors: the complaining witness, the magistrate, and the constable. Following the trial, a judgment in the amount of $5,000.00 was entered by the circuit court, which was paid

---

5. Prosser, Torts, § 49, p. 335 (5th ed. 1985).

6. 2 Mich.App. 548, 140 N.W.2d 791 (1966). See, also, *Hunt v. Chrysler Corp.*, 68 Mich.App. 744, 244 N.W.2d 16, 19 (1976).

7. *Ortiz,* 2 Mich.App. at 555, 140 N.W.2d 791.

8. 144 Mich.App. 237, 375 N.W.2d 362 (1985).

9. *Barrera* at 243, 375 N.W.2d 362.

10. 120 Mich. 377, 79 N.W. 573 (1899).

in its entirety. In a subsequent lawsuit against the Sheriff, Plaintiff again sought recovery for the damages he sustained as a result of the wrongful arrest and false imprisonment. Writing for a unanimous Court, Justice Joseph B. Moore held that the Plaintiff was precluded from maintaining a lawsuit against the fourth tortfeasor in light of the earlier, and successful, trial:

> The plaintiff having sued three of the four wrongdoers in an action in which he might have recovered all his damages, in which action he recovered a judgment which has been paid and received by him, he cannot recover against the fourth wrongdoer.[11]

 Logic and reason dictate that where an injured person releases one tortfeasor from further liability, he should not be denied his right to pursue the remaining wrongdoers until he has received full satisfaction. To this effect, the United States Circuit Court for the District of Columbia held, in *McKenna v. Austin*,[12] that a discharge of one wrongdoer does not, *ipso facto*, release the other wrongdoers:

> In summary, there is no support for the rule of unitary discharge in the notion of entirety of obligation among joint tortfeasors. There is foundation in singleness of the injury, when complete indemnity has been made. We adhere to the rule in that circumstance. We repudiate it in others. Whether or not the settlement amounts to full reparation is to be determined, not merely from the fact of settlement, but as the facts of the particular situation dictate. Partial satisfaction taken in compromise and release of liability of one or some of the wrongdoers does not discharge the others.

 Unlike the *Barrera* and *Blackman* cases, where the Plaintiffs obtained judgments as a result of succeeding at trial, the matter at bar concerns a judgment obtained by Plaintiff through the consent of the parties. Since a trial was not held, the doctrine of Satisfaction does not apply, for the amount of damages sustained by Plaintiff in her slip and fall at the grocery store was not conclusively determined. The judgment entered in the Oakland County Circuit Court, although influenced by a non-binding settlement mechanism, does not lead to an implication that Plaintiff intended to release Sperry Top Sider and Stride Rite Corporation from liability. Defendants, of course, are entitled to a *pro tanto* reduction of any judgment entered against them.[13]

Consequently, the Court DENIES Defendants' Motion for Summary Judgment.

---

11. *Blackman* at 381, 79 N.W. 573.

12. 77 U.S.App.D.C., 228, 134 F.2d 659 (1943). See, also, *Hunt v. Chrysler Corp.*, 68 Mich.App. 744, 244 N.W.2d 16, 19 (1976).

13. See, generally, Prosser, Law of Torts, § 49, pp. 335–336 (5th ed. 1985); *Thick v. Lapeer Metal Products, Co.*, 419 Mich. 342, 353 N.W.2d 464, 466 (1984).