SARGENT v BROWNING-FERRIS INDUSTRIES

Docket No. 94664. Submitted June 4, 1987, at Detroit. Decided March 8, 1988.

Harmer Sargent III, brought an action in the Wayne Circuit Court against his former employer, Browning-Ferris Industries, asserting claims sounding in wrongful discharge and breach of contract. The trial court, Michael J. Connor, J., granted defendant summary disposition after determining that plaintiff's claims were either preempted by federal law or governed by § 301 of the National Labor Management Relations Act, 29 USC 185, and defective for a number of reasons. Plaintiff appealed.

The Court of Appeals *held:*

1. Defendant's conduct at issue was arguably subject to §§ 8(a)(5) or 8(d) of the NLMRA. The challenged conduct was not merely a peripheral concern of the NLMRA. The controversy was not deeply rooted in local feelings and concerns. Plaintiff's state claims were preempted by the NLMRA. Summary disposition was properly granted based on a lack of subject matter jurisdiction.

2. Plaintiff's claim that his state breach of contract claim was not preempted by § 301 of the NLMRA has been abandoned.

Affirmed.

1. LABOR RELATIONS — GOOD FAITH BARGAINING — PARTIAL CLOSURE OF OPERATIONS.

An employer's duty to bargain in good faith encompasses the

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 402, 408, 835, 1027-1043, 1351, 1930.

When will suit asserting violation of labor union's constitution or charter be deemed suit for violation of contract between labor organizations, for purposes of District Court jurisdiction under sec. 301(a) of the Labor Management Relations Act (29 USCS sec. 185(a)). 53 ALR Fed 226.

Constitutionality and construction of sec. 301(a) of Labor Management Relations Act (29 USCS sec. 185(a)) conferring jurisdiction on Federal District Courts in actions for violation of contracts between employer and labor organization. 16 LEd 2d 1143.

duty to bargain in good faith over the effect of its decision resulting in the partial closure of its operations (29 USC 158[a][5]).

2. LABOR RELATIONS — GOOD FAITH BARGAINING — NATIONAL LABOR MANAGEMENT RELATIONS ACT.

The failure of an employer to bargain in good faith about the terms and conditions of employment strikes at the heart of a basic concern of the National Labor Management Relations Act.

3. LABOR RELATIONS — COURTS — JURISDICTION — PREEMPTION.

The preemption doctrine announced in *San Diego Building Trades Council v Garmon,* 359 US 236 (1959), requires a balancing of federal and state interests to determine whether a court must yield to the primary jurisdiction of the National Labor Relations Board over a labor dispute; when such preemption exists, the state court has no power to adjudicate the subject matter of the case; if the conduct at issue is arguably subject to either § 7 or § 8 of the National Labor Management Relations Act, then deference must be given to the NLRB's exclusive jurisdiction; when conduct which is arguably subject to the NLMRA is only a peripheral concern of the NLMRA, or touches concerns deeply rooted in significant local feelings and responsibilities, then, in the absence of compelling congressional direction, it should not be inferred that Congress intended to preempt state action.

4. LABOR RELATIONS — COURTS — JURISDICTION — PREEMPTION.

The preemption doctrine announced in *San Diego Building Trades Council v Garmon,* 359 US 236 (1959), has no application to a claim governed by § 301 of the National Labor Management Relations Act; a state court has jurisdiction over § 301 claims to enforce collective bargaining agreements (29 USC 185).

*Simon, Jarema & Associates, P.C.* (by *Robert L. Fix* and *Dennis J. Simon*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *John A. Entenman* and *M. Beth Sax*), for defendant.

Before: WAHLS, P.J., and J. H. GILLIS and C. W. SIMON, JR.,* JJ.

C. W. SIMON, JR., J. Plaintiff, Harmer Sargent III, brought suit against his former employer, defendant, Browning-Ferris Industries, asserting claims sounding in wrongful discharge and breach of contract. The trial court granted summary disposition in favor of defendant after determining that plaintiff's claims were either preempted by federal law or governed by § 301 of the National Labor Management Relations Act (NLMRA), 29 USC 185. In the latter event, the trial court found plaintiff's claims defective on several grounds. Plaintiff appeals as of right. We affirm.

Defendant was in the business of waste disposal and employed truck drivers and other laborers for this purpose. Hazardous liquid waste hauling employees, such as plaintiff, were represented by Teamsters Local 283. Other employees were represented by Teamsters Local 247.

In March, 1983, defendant notified Local 283 that it was discontinuing its hazardous liquid waste hauling operation. In accordance therewith, defendant and Local 283 executed a closure agreement on April 11, 1983. The agreement provided for the termination of employees represented by Local 283 on April 14, 1983, with certain separation benefits. Two union representatives, including plaintiff who was then union steward, signed the agreement on behalf of Local 283.

The instant suit was one of several actions brought by plaintiff after his employment was terminated. In 1984, plaintiff filed a claim for workers' compensation benefits and obtained $2,400 pursuant to a redemption agreement.

At the core of the plaintiff's other actions was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

an allegation that defendant had continued in the hazardous liquid waste disposal business, despite the closure agreement, and was assigning work previously performed by Local 283 employees to Local 247 employees.

First, on January 4, 1984, plaintiff filed an unfair labor practice charge with the National Labor Relations Board (NLRB). The charge was withdrawn on February 10, 1984. Next, in October, 1984, plaintiff brought his complaint to Walker Quillico and George Vitale, the business agent and president of Local 283, respectively. George Vitale allegedly investigated the complaint and, on December 2, 1984, advised plaintiff that he found no evidence that Local 283 work was being performed by Local 247 employees.

On December 11, 1984, plaintiff filed civil rights charges with the Equal Employment Opportunity Commission, alleging reverse race discrimination. The EEOC deferred the matter to the Michigan Department of Civil Rights. On August 30, 1985, the EEOC issued a notice of right to sue to plaintiff and terminated any further proceedings on the charges.

The instant suit was filed on April 15, 1985. Although defendant petitioned for a removal of plaintiff's cause of action to the federal district court, the federal district court denied the petition, apparently because it was untimely. Defendant thereafter moved for summary disposition, which was granted by the trial court.

On appeal, plaintiff challenges the trial court's ruling on three bases, with one basis being a general allegation that summary disposition was inappropriate because material issues of fact and law existed. Such generalities, however, are insufficient to bring an issue before this Court. "It is not enough for an appellant in his brief simply to

announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims . . . ." *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959), and see *Cornforth v Borman's, Inc,* 148 Mich App 469, 479; 385 NW2d 645 (1986).

Plaintiff also claims that the trial court erred in granting summary disposition to defendant based on federal preemption. In reviewing this issue, our first concern is the appropriate standard of review. While defendant moved for summary disposition under MCR 2.116, defendant did not identify the subsection on which the motion was based. This deficiency, however, was harmless since it was clear that the motion was based on the court's lack of subject matter jurisdiction, MCR 2.116(C)(4), and the parties were not prejudiced by the deficiency. See *Barrera v Bechtel Power Corp,* 144 Mich App 237, 240; 375 NW2d 362 (1985), and *Jones v Employers Ins of Wausau,* 157 Mich App 345, 349-350; 403 NW2d 130 (1987), lv den 428 Mich 899 (1987). Consequently, summary disposition was properly granted if the pleadings showed that defendant was entitled to judgment as a matter of law, or the affidavits and other proofs showed that there was no genuine issue of material fact. MCR 2.116(G)(2) and 2.116(I)(1).

The preemption doctrine at issue in this case was set forth in *San Diego Building Trades Council v Garmon,* 359 US 236; 79 S Ct 773; 3 L Ed 2d 775 (1959). When *Garmon* preemption exists, the state court has no power to adjudicate the subject matter of the case. *International Longshoremen's Ass'n, AFL-CIO v Davis,* 476 US 380, 392-393; 106 S Ct 1904; 90 L Ed 2d 389 (1986). This doctrine basically requires a balancing of federal and state interests to determine whether the court must yield to the primary jurisdiction of the NLRB over

the labor dispute. *Martin v Associated Truck Lines, Inc,* 801 F2d 246, 249 (CA 6, 1986).

The well-established approach to this doctrine, as applied to this case, required the trial court to first determine whether the conduct which plaintiff sought to make the basis of liability was actually or arguably protected or prohibited by the NLMRA. *Local 926, International Union of Operating Engineers, AFL-CIO v Jones,* 460 US 669, 676-677; 103 S Ct 1453; 75 L Ed 2d 368 (1983); *Garmon,* 359 US 244. If the conduct at issue is arguably subject to either § 7 or § 8 of the NLMRA, then deference must be given to the NLRB's exclusive jurisdiction. *Jones,* 460 US 676-677; *Garmon,* 359 US 245.

When, however, conduct which is arguably subject to the NLMRA is only a peripheral concern of the NLMRA, or touches concerns deeply rooted in local feelings and responsibilities, then, in the absence of compelling congressional direction, it should not be inferred that Congress intended to preempt state action. *Jones,* 460 US 676; *Garmon,* 359 US 243-244. This question requires a sensitive balancing of federal and state interests. *Jones, supra.* The critical inquiry is whether the controversy presented to the state court is identical to or different from that which could have been, but was not, presented to the NLRB. *Serrano v Jones & Laughlin Steel Co,* 790 F2d 1279 (CA 6, 1986).

Here, the trial court found, and we agree, that the conduct at issue was arguably subject to § 8(a)(5) of the NLMRA, 29 USC 158(a)(5). That section provides that it is an unfair labor practice for an employer to refuse to bargain collectively with a representative of its employees. To bargain collectively means

the performance of the mutual obligation of the

> employer and the representative of the employees to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement, or any question arising thereunder, and the execution of a written contract incorporating any agreement reached if requested by either party . . . . [29 USC 158(d).]

The employer's duty to bargain in good faith encompasses the duty to bargain in good faith over the effects of its decision resulting in the partial closure of its operations. *Penntech Papers, Inc v NLRB,* 706 F2d 18, 26-27 (CA 1, 1983), cert den 464 US 892 (1983).

Plaintiff's claims in the present case arose out of a closure agreement bargained for between defendant and representatives of plaintiff's union and were based on an allegation that defendant continued in the hazardous waste disposal business notwithstanding the agreement. Arguably, this allegation evidences bad faith bargaining and, thus, brought plaintiff's claims within the purview of §§ 8(a)(5) and 8(d) of the NLMRA.

We find no merit in plaintiff's claim that the challenged conduct was only a peripheral concern of the NLMRA. The failure of an employer to bargain in good faith about the terms and conditions of employment strikes at the heart of a basic concern of the NLMRA. *Serrano, supra,* 790 F2d 1287. Nor do we find merit in plaintiff's argument, made for the first time on appeal, that this controversy is deeply rooted in local feelings and concerns because defendant's alleged conduct of assigning work previously performed by Local 283 employees to unqualified waste haulers endangered the entire community. In "local interest" cases, there must exist a significant interest in protecting the citizen from the "challenged con-

duct." *Id.,* p 1285. The conduct about which plaintiff complains deeply implicates labor relations founded on a collective bargaining process. While the qualifications of hazardous waste haulers and the danger their work may create are certainly matters of great local concern, these matters are irrelevant to plaintiff's claims.

We, therefore, conclude that plaintiff's state claims were preempted by the NLMRA. The trial court correctly granted summary disposition to defendant for lack of subject matter jurisdiction. MCR 2.116(C)(4) and 2.116(I)(1).

Finally, plaintiff contests the alternative basis of summary disposition granted in favor of defendant by the trial court. Plaintiff argues that his state breach of contract claim was not "preempted" by § 301 of the NLMRA, 29 USC 185.[1] This argument is flawed for several reasons. First, the *Garmon* preemption doctrine has no application to a § 301 claim. *Allis-Chalmers Corp v Lueck,* 471 US 202; 105 S Ct 1904; 85 L Ed 2d 206 (1985). A state court has jurisdiction over § 301 claims to enforce collective bargaining agreements. *Lueck, supra,* and see *Packer v Dana Corp,* 149 Mich App 64; 385 NW2d 727 (1986), lv den 425 Mich 874 (1986). Secondly, we find no merit in plaintiff's effort to distinguish the closure agreement from a collective bargaining agreement by characterizing it as an independent "settlement" agreement. The closure agreement, while limited in scope, was clearly executed as part of a collective bargaining process. Thus, for

---

[1] 29 USC 185(a) states:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

plaintiff to proceed at all in the trial court, it would have been necessary to treat his claim as a § 301 claim.

In the present case, the trial court determined that plaintiff's contract claim was governed by § 301, but found the claim deficient on four grounds: (1) it was barred by the six-month period of limitation; (2) plaintiff failed to proceed against the union for breach of a duty of fair representation; (3) plaintiff failed to exhaust internal union remedies; and (4) plaintiff lacked standing.

On appeal, plaintiff does not address the trial court's grant of summary disposition in favor of defendant based on the statute of limitations. Indeed, the relief which plaintiff seeks appears to be a reinstatement of his state breach of contract claim, notwithstanding the applicability of § 301. Since, however, plaintiff could only proceed under § 301 and the statute of limitations issue must necessarily be resolved for plaintiff to proceed, we conclude that this issue has been abandoned and that plaintiff is not entitled to the relief which he seeks. *Roberts & Son Contracting, Inc v North Oakland Development Corp,* 163 Mich App 109, 111; 413 NW2d 744 (1987).

In passing, we note that the trial court's grant of summary disposition in favor of defendant based on the statute of limitations was correct. MCR 2.116(C)(7) and 2.116(I)(2), *Packer, supra,* and see *Ray v Organization of School Administrators & Supervisors, Local 28, AFL-CIO,* 141 Mich App 708; 367 NW2d 438 (1985). While plaintiff did not file his breach of contract claim until April, 1985, the proofs presented by defendant in moving for summary disposition show that plaintiff was aware of defendant's alleged improper practice of continuing in the hazardous waste disposal business since at least January, 1984, when plaintiff filed

an unfair labor practice charge with the NLRB on this basis. In the proceedings below, the only argument made by plaintiff in opposing defendant's motion for summary disposition, relying on *Sevako v Anchor Motor Freight, Inc,* 792 F2d 570 (CA 6, 1986), was that the limitation period was still open because defendant's alleged improper practice of operating the hazardous waste disposal business was a continuing one. At issue in *Sevako,* however, was an action for breach of a collective bargaining agreement and breach of the union's duty of fair representation to its members, a hybrid § 301 action. In the present case, plaintiff has not alleged any breach of fair representation on the part of his union. To the contrary, plaintiff alleges that he had no internal union body to address his grievance to because Local 283 was dissolved. Consequently, *Sevako* is inapplicable to this case.

We conclude that the trial court correctly granted summary disposition in favor of defendant. None of the arguments raised by plaintiff demonstrate error. Moreover, from a stipulation and order filed with the trial court subsequent to this appeal, it appears that Walter Sargent filed a virtually identical complaint against defendant on February 14, 1986, and has agreed that the decision in the instant case will also apply to his suit. Consequently, our decision to affirm the trial court's grant of summary disposition in favor of defendant should also apply to Walter Sargent's complaint.

Affirmed.