*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Guardianship of LARRAINE BROWN.

DASHUN DIKE, Guardian of LARRAINE
BROWN, a legally protected person,

UNPUBLISHED
March 17, 2022

Appellee,

v

No. 357316
Oakland Probate Court
LC No. 2018-382551-GA

TELA CAFFEY,

Appellant.

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

Appellant, appearing *in propria persona*, appeals as of right the probate court's order dismissing her petition to replace appellee, who is appellant's sister, as the guardian of their mother, Larraine Brown, a legally incapacitated individual. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In June 2018, the probate court determined Brown was an incapacitated individual and appointed appellee as her guardian. In February 2019, appellant filed a petition to replace appellee as Brown's guardian, which the trial court denied. Appellant filed a second petition to be appointed as Brown's guardian in April 2020, but before the trial court could rule on that petition, appellant filed a third petition to be appointed as Brown's guardian in October 2020.

In November 2020, the probate court scheduled a contested hearing on the petitions, ordered the parties to engage in discovery and mediation, and ordered the parties to file trial briefs addressing the merits of the petitions. Only Brown's counsel filed a trial brief on the matter, and she indicated that appellant had been unresponsive to attempts to engage in mediation. In January 2021, the probate court ordered appellant to engage in mediation or risk dismissal of her petition.

In May 2021, after numerous adjournments of the contested hearing and a report indicating one or both parties declined mediation, the probate court dismissed appellant's petition.

## II. ANALYSIS

Regrettably, appellant's brief on appeal is wholly deficient. There is no statement of questions presented, no statement of facts with citations to a lower court record, no argument supported by law, and it does not allege any error made by the trial court or request any specific relief. Instead, appellant's brief is a series of unsupported assertions and anecdotes about why appellee is allegedly unfit to serve as Brown's guardian and why appellant should be appointed as Brown's guardian.

We recognize that appellant is proceeding *in propria persona* and, as a general rule, allow leniency to such litigants. See *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972); *Hein v Hein*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 353272) (slip op at 4). There are, however, limits to that leniency. See *Bachor v City of Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973). The trial court dismissed appellant's petition due to her ongoing failure to participate in mediation. On appeal, appellant fails to even acknowledge this ruling, and instead argues only that she would make a better guardian for Brown than appellee. This argument, unfortunately, is irrelevant to the trial court's dismissal of appellant's petition. In other words, even if we agreed with appellant's argument that she would make a better guardian for Brown than appellee, it would not be a basis for disturbing the lower court's ruling.[1] Consequently, while we are sympathetic to the fact that appellant is proceeding *in propria persona*, there is no amount of leniency with which we could read appellant's brief as presenting an argument on which relief can be granted. Appellant's appeal is therefore abandoned. See *Schaaf v Forbes*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 343630) (slip op at 10) (holding that the defendant abandoned an issue on appeal when she "fail[ed] to meaningfully address the trial court's reasoned ruling"); *Sargent v Browning-Ferris Indus*, 167 Mich App 29, 37; 421 NW2d 563 (1988); *Roberts & Son Contracting, Inc v N Oakland Dev Corp*, 163 Mich App 109, 113; 413 NW2d 744 (1987).

## III. CONCLUSION

Affirmed.

/s/ Colleen A. O'Brien
/s/ Douglas B. Shapiro
/s/ Mark T. Boonstra

---

[1] For clarity, we offer no opinion on the merits of appellant's argument that she would make a better guardian for Brown than appellee.