ROBERTS & SON CONTRACTING, INC v NORTH OAKLAND
DEVELOPMENT CORPORATION

Docket No. 94654. Submitted May 14, 1987, at Lansing. Decided
September 10, 1987.

Roberts & Son Contracting, Inc., brought an action in the Oak-
land Circuit Court against North Oakland Development Corpo-
ration and Leon Blachura for breach of contract. The case was
mediated and the mediator found in plaintiff's favor. No rejec-
tion of the mediation award by defendants was received by the
assignment clerk, who on May 2, 1986, issued an acceptance
notice. Defendants' attorney responded to the notice on June 2,
1986, by letter asserting that he had mailed a rejection. A copy
of the letter was sent to plaintiff's attorney. Plaintiff, also on
June 2, 1986, filed for entry of judgment and notified defen-
dants' attorney. The hearing on June 18, 1986, was not at-
tended by defendant's counsel and resulted in the entry of
judgment on the mediation award, Alice L. Gilbert, J. The
court later, after a hearing, refused to set aside the judgment.
Defendants appealed.

The Court of Appeals *held:*

1. The claim that the court did not exercise its discretion
when ruling on the motion to set aside the default is without
merit inasmuch as the court twice stated that it was exercising
its discretion.

2. Defendants failed to address an issue which necessarily
must be reached, thus precluding the relief sought.

3. Plaintiff's moving for entry of judgment after having been
apprised of defendants' allegation that they had timely rejected
the mediation award was proper.

4. The trial court did not err in refusing to set aside the
acceptance by defendants deemed from their failure to reject
the award in a timely manner merely because defendants

REFERENCES

Am Jur 2d, New Topic Service, Alternate Dispute Resolutions §§ 7
*et seq.*

Refusal of arbitrators to receive evidence, or to permit briefs or
arguments, on particular issues as grounds for relief from award.
75 ALR3d 132.

recited the words "mistake, inadvertence, or neglect." Defendants failed to provide some explanation, plausible or implausible, for what transpired. Under the circumstances, the court was well within its discretion in denying relief to defendants.

Affirmed.

TRIAL — MEDIATION — ACCEPTANCE — RELIEF FROM JUDGMENT.

> A trial court has discretion to set aside an acceptance of a mediation award deemed from a party's failure to reject it in a timely manner; in order to prevail on a claim that the trial court abused its discretion in refusing to set aside the deemed acceptance, a party must offer some plausible explanation of what transpired, some corroborating evidence, if the explanation is implausible, or a demonstration of a good-faith attempt to investigate the cause of the problem.

*Robert L. Bunting,* for plaintiff.

*Campbell, Keenan & Harry* (by *Peter M. Keenan*), for defendants.

Before: MACKENZIE, P.J., and J. H. GILLIS and J. P. SWALLOW,* JJ.

PER CURIAM. Defendants appeal from a June 20, 1986, judgment entered by the Oakland Circuit Court. The judgment awarded plaintiff $25,000, the mediated value of plaintiff's claim, which defendants were "deemed" to have accepted.

Plaintiff filed the instant action, alleging breach of contract. Plaintiff alleged that defendants had failed to pay $27,293.24, the last payment of a construction contract. Plaintiff prayed for the amount owing, plus interest, costs and attorney fees. The case was duly mediated on April 1, 1986. The mediators found in plaintiff's favor and valued its claim at $25,000. Plaintiff timely accepted the award. Defendants contend that they timely rejected the award. However, the assignment clerk

---

* Circuit judge, sitting on the Court of Appeals by assignment.

did not receive the rejection.[1] Since no rejection letter was received, the award was deemed to have been accepted. MCR 2.403(L)(i).

On May 2, 1986, the assignment clerk issued a mediation acceptance notice. Defendants' attorney waited a full month, until June 2, 1986, to respond to the acceptance notice. His means of response was a brief letter to the clerk asserting that he had mailed a rejection, attaching a copy of the rejection letter. Defendants' counsel asked the clerk to advise him if it would be necessary to file a motion to correct the alleged error. A copy of this letter was mailed to plaintiff's counsel. On appeal, defendants' attorney complains that no response communication was received from the clerk.

On June 6, 1986, plaintiff filed a motion for entry of judgment, based upon the deemed acceptance of the mediation award. Notice was sent to defendants' attorney and plaintiff duly filed proof of service. The hearing on plaintiff's motion was held on June 18, 1986. Defendants' attorney did not appear. Relying upon the acceptance notice, the circuit court entered judgment in plaintiff's favor.

On July 1, 1986, defendants moved to set aside the judgment. A hearing was conducted on July 16, 1986. Defendants' attorney asserted that either the letter "never actually left my office, it left but was not received, or it was received and 'misread' by the assignment clerk." Defendants' attorney pointed out to the court that a hearing was held

---

[1] We note that the rejection letter which defendants assert was mailed to the assignment clerk contains no indication that a copy was mailed to plaintiff's attorney. Nor have defendants offered a postal receipt as evidence that the rejection was mailed. Proper office procedure would seem to require that postal receipts be obtained for every mailing as important as the instant one and that copies of such rejection letters be mailed to opposing counsel.

on April 23, 1986, the same date as the letter was allegedly mailed, on defendants' motion to add a third-party defendant. Defendants' attorney asserted that the fact the motion was brought indicates that an acceptance was not intended. Counsel also asserted that during the prior hearing he indicated on the record that the mediation award had been rejected.[2]

When questioned about his failure to appear at the June 18, 1986, hearing on plaintiff's motion to enter judgment, counsel responded, "I will only indicate to the court that as far as that it [the motion hearing] was on my calendar for July 2."

The trial court held:

> Exercising my discretion under the circumstances, the Court feeling that he's complied with the proper notice for the entry and no objection being at that time, the Court will deny the motion to set aside the judgment exercising it's [sic] discretion that it is too late notwithstanding the case law on the subject.

Defendants first argue that the trial court did not exercise its discretion when ruling upon the motion to set aside the default. The cases upon which defendants rely involve instances where the trial court stated or appeared to indicate that it had no discretion to rule on the matter before it. The court's statement in the instant case clearly indicates it was aware that it had discretion to exercise. The trial court twice stated that it was exercising its discretion. It is difficult to understand how defendants can contend otherwise. This claim of error is without merit.

Defendants next argue that the trial court

---

[2] On appeal, counsel makes the same assertion. However, counsel has failed to support this allegation with the transcript of the April 23, 1986, hearing.

abused its discretion in refusing to set aside the judgment because its entry was based upon mistake, inadvertence or excusable neglect.

Defendants fail to recognize the full basis of the trial court's decision. The court denied defendants' motion largely because defendants' counsel failed to appear at a hearing to enter judgment. On appeal, defendants have failed to address this basis of the trial court's decision. All that is before us is counsel's brief explanation to the trial court, quoted above. Since counsel has failed to address an issue which necessarily must be reached, the relief he seeks, the setting aside of the judgment, may not be granted. However, other issues which have been raised will nevertheless be addressed.

Defendants complain that plaintiff brought the motion for entry of judgment after having been apprised of defendants' allegation that they had timely rejected the mediation award. We see nothing wrong with this procedure. The fact that plaintiff noticed the motion for a hearing gave defendants full opportunity to appear and voice their objections. However, defendants failed to do so.

The fact that the trial court has discretion to set aside a deemed acceptance does not mean the court must set aside such an acceptance whenever an attorney appears before it and recites the words "mistake, inadvertence, or neglect." The very concept of discretion denotes the absence of a single, correct result. *Muntean v Detroit,* 143 Mich App 500, 509; 372 NW2d 348 (1985). In order to prevail on a claim that the trial court abused its discretion in refusing to set aside the deemed acceptance, a party must offer some plausible explanation of what transpired, some corroborating evidence, if the explanation is implausible, or a demonstration of a good-faith attempt to investigate the cause of the problem. Compare *Busch v*

*Hoffmeyer,* 158 Mich App 786; 405 NW2d 220 (1987). None of these occurred here.

The instant case presents a situation where, at best, there has been neglect upon neglect: failure to follow procedures which would have corroborated defendants' allegation that a rejection letter was mailed, failure to contest the "deemed acceptance" until one month after it was issued, failure to appear and voice objections at a properly noticed hearing, and failure to fully explain defendants' failure to appear at the hearing for entry of judgment. Under these circumstances, the trial court acted well within its discretion when it denied defendants' motion to set aside the judgment it had entered to enforce the mediation award.

Affirmed.