SANCHEZ v LAGOUDAKIS

*Docket No. 115526. Submitted March 22, 1990, at Lansing. Decided June 19, 1990. Leave to appeal applied for.*

Dorene Sanchez brought an action in Branch Circuit Court against her former employer, Kostas Lagoudakis, doing business as Paradise Family Restaurant, and Maria R. Gutierrez. Plaintiff alleged that she suffered employment discrimination in violation of the Handicapper's Civil Rights Act as a result of an unfounded perception by defendants that she was afflicted with the Acquired Immuno Deficiency Syndrome. The trial court, Michael H. Cherry, J., granted summary disposition in favor of Lagoudakis (hereafter defendant), but ordered that defendant reimburse plaintiff for lost wages, costs and attorney fees. Defendant appealed and plaintiff cross appealed.

The Court of Appeals *held:*

1. Appellate review of the propriety of the award of partial damages, costs and attorney fees is precluded in the absence of sufficient argument by defendant in support of the challenge to the award.

2. A perceived handicap, such as plaintiff alleged, does not fit within the Handicapper's Civil Rights Act definition of handicap as a determinable physical or mental characteristic or history of the characteristic resulting from disease, injury, congenital condition or functional disorder. Thus, the protections of the Handicapper's Civil Rights Act do not extend to perceived handicaps.

Affirmed.

CIVIL RIGHTS — HANDICAPPER'S CIVIL RIGHTS ACT — PERCEIVED HANDICAPS.

A person who is the subject of an unfounded perception by others that he has a handicap does not have a handicap within the

REFERENCES

Am Jur 2d, Job Discrimination §§ 124, 186.

Handicap as job disqualification under state legislation forbidding job discrimination on account of handicap. 78 ALR4th 265.

Accomodation requirement under state legislation forbidding job discrimination on account of handicap. 76 ALR4th 310.

meaning of the Handicapper's Civil Rights Act, and accordingly he cannot maintain an action pursuant to the act for alleged employment discrimination based on the perceived condition (MCL 37.1103[b]; MSA 3.550[103][b]).

*American Civil Liberties Union Fund of Michigan* (by *Mark Brewer* and *Mark Stuart*), and *Paul Denenfeld*, of Counsel, for plaintiff.

*George J. Platsis*, for defendant.

Amicus Curiae:

Michigan Organization for Human Rights (by *David Piontkowsky*).

Before: GILLIS, P.J., and McDONALD and J. W. FITZGERALD,* JJ.

PER CURIAM. Defendant appeals as of right from a February 10 and 23, 1989, opinion and order granting summary disposition in favor of defendant, dismissing plaintiff's suit under the Handicapper's Civil Rights Act and ordering plaintiff be awarded lost wages, tips, costs and attorney fees. Plaintiff cross appeals from the dismissal of the action.

This case involves the application of the Handicapper's Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, to situations involving perceived or apparent handicaps. We affirm the trial court's dismissal of plaintiff's handicapper's civil rights suit, finding the act inapplicable to cases of perceived handicaps.

Plaintiff was a waitress working in defendant Kostas Lagoudakis' restaurant. Defendant was in all ways satisfied with plaintiff's performance.

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

However, after receiving complaints from a group of restaurant patrons regarding plaintiff's rumored status as an AIDS [Acquired Immuno Deficiency Syndrome] victim, defendant requested plaintiff undergo an AIDS test and not return to work until she could produce a physician's certificate stating that she was healthy. The test was to be conducted at plaintiff's expense.

After undergoing a test for the presence of the AIDS virus and receiving a negative result, plaintiff, due to her embarrassment, declined to return to work. Thereafter, plaintiff filed the instant suit alleging discrimination under the Handicapper's Civil Rights Act. Defendant moved for summary disposition pursuant to both MCR 2.116(C)(8) and (10), claiming in part that the act was inapplicable because plaintiff suffered no actual handicap as defined within the act. The trial court agreed with defendant and found the absence of a handicap prohibitive to suit under the act. However, ostensibly pursuant to its "equitable powers," the trial court conditioned dismissal of the suit on plaintiff's reimbursement by defendant for lost wages, costs and partial attorney fees.

Defendant now appeals as of right from the order of dismissal. We fail to understand the purpose behind defendant's appeal. Defendant's brief addresses the question whether a person with a perceived handicap is protected by the Handicapper's Civil Rights Act. However, contrary to defendant's insinuation, this issue was decided in defendant's favor by the trial court. We assume defendant does not desire a reversal of said ruling. Moreover, although we find that portion of the February 22 order granting plaintiff's partial damages, costs and attorney fees on equitable grounds to be suspect and clearly contrary to defendant's interests, defendant fails to sufficiently brief or

argue this issue on appeal. We therefore decline to address the same. *In re Futch,* 144 Mich App 163; 375 NW2d 375 (1984); *Roberts & Son Contracting, Inc v North Oakland Development Corp,* 163 Mich App 109; 413 NW2d 744 (1987).

Thus, the sole issue before us remains the applicability of the Handicapper's Civil Rights Act to situations involving perceived handicaps. The Handicapper's Civil Rights Act prohibits an employer from discharging or otherwise discriminating against an individual because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position, MCL 37.1202(1)(b); MSA 3.550(202)(1)(b). The act defines a handicap as

> a determinable physical or mental characteristic of an individual or a history of the characteristic which may result from disease, injury, congenital condition of birth, or functional disorder . . . . [MCL 37.1103(b); MSA 3.550(103)(b).]

The instant plaintiff does not fall within this definition as she suffers from no actual "determinable physical or mental characteristic." Nor do we choose to expand the Legislature's definition to include situations wherein no handicap exists but others perceive such a handicap. Had the Legislature intended the statute to apply under such circumstances, we believe it would have clearly so stated. Plaintiff suggests support for application of the act to perceived handicaps may be found in federal precedent. However, we note the Federal Rehabilitation Act, 29 USC 706,[1] unlike the Michi-

---

[1] The Federal Rehabilitation Act, 29 USC 706(7)(B), defines a "handicapped individual" as "any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment."

gan statute, specifically includes perceived handicaps within its definition of handicap.

We offer no comment on the policy arguments advanced by plaintiff and amicus curiae favoring application of the act to situations involving perceived handicaps as we believe such arguments are best made to, and decided by, the Legislature.

Thus, in conclusion we find no error in the trial court's grant of summary disposition in favor of defendant, finding the Handicapper's Civil Rights Act inapplicable to situations involving perceived handicaps. Plaintiff's remedy lies elsewhere.

Affirmed.