*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

        Plaintiff-Appellant,

v

BRENDA GREEN, HIGHLAND PARK
ELECTION COMMISSION, and CATHY M.
GARRETT,

        Defendants-Appellees.

UNPUBLISHED
June 05, 2026
3:20 PM

No. 380929
Wayne Circuit Court
LC No. 26-007478-CZ

Before: MALDONADO, P.J., GADOLA, C.J., and BAZZI, J.

PER CURIAM.

Plaintiff, Robert Davis, appeals as of right the trial court's May 27, 2026 order which granted in part and denied in part plaintiff's request for mandamus and declaratory relief. We affirm.

## I. BACKGROUND

This is an election matter concerning the August 2026 primary election. Davis filed a complaint which pleads four counts. The first three counts of the complaint seek declaratory relief, in the form of declarations that defendants have a legal duty not to certify certain individuals as candidates for Highland Park Mayor on the August primary ballot, and to not print their names on this ballot, among other relief. Count IV seeks a writ of mandamus directing the same. The complaint challenges affidavits of identity (AOIs) submitted by J. Douglas Hollie, Elen Robinson, and Glenda McDonald, all of whom are seeking to run for the office of Highland Park Mayor. The trial court agreed with plaintiff as to Hollie and has directed that his name be removed from the ballot. The trial court's decision as to Hollie has not been challenged in this appeal.[1] But as to

---

[1] The trial court concluded that Hollie's AOI was defective because it listed "Wayne" as the jurisdiction, when in fact, he sought to run for the office of Highland Park Mayor. The trial court

-1-

candidates Robinson and McDonald, the trial court denied plaintiff's requests for relief, leaving those candidates on the ballot.

Concerning Robinson, plaintiff's challenge arises from the spelling of her first name on her AOI. This is how Robinson's AOI was completed, in relevant respects:

Note that in the first line, Robinson's first name is spelled "Elen." At the bottom of the section reproduced above, Robinson stated that she wished her name to appear on the ballot with her first name being spelled "Elene."

Generally, plaintiff alleges that the correct spelling is the latter (Elene). And as a result, he asserts that the AOI is fatally defective, because on the first line, Robinson's first name is spelled "Elen." As evidence of the correct spelling of Robinson's name, plaintiff provided (1) a garnishee disclosure directed to a federal district court, which looks to bear a filing stamp dated in 2006, with the defendant's name being listed as "Robinson, Elene E."; and (2) a "release of order for wage assignment" filed in the federal district court by an Assistant U.S. Attorney, dated January 3, 2008, which lists the defendant as "Elene Emma Jean Robinson," and which also has a proof of service indicating it was served on "Elene Emma Jean Robinson" at an address in Highland Park. The

concluded that the correct jurisdiction, then, was "Highland Park." Because the AOI listed the wrong jurisdiction, it did not comply with MCL 168.558(2). And due to that defect, the trial court granted declaratory relief and a writ of mandamus, directing that Hollie could not appear on the August 2026 primary ballot. While plaintiff also made a challenge to how Hollie's name appeared on his AOI, the trial court declined to reach that issue in light of its decision concerning the jurisdiction stated on Hollie's AOI.

residence address matches the address Robinson placed on her AOI.[2]  According to plaintiff, these documents prove that Robinson's "first name is *'Elene'* and **NOT** *'Elen'* as it is **FALSELY** listed on the affidavit of identity."

The trial court disagreed, explaining that, on the record presented, it could not conclude that defendants had a legal duty to remove Robinson from the ballot.  The court wrote: "This is because MCL 168.558(3) provides an exception to the requirement to indicate a name change in the AOI, under particularized circumstances."  The trial court quoted the circumstances stated in MCL 168.558(3), and then explained:

> In the present case, [plaintiff]'s only support for his allegations regarding Robinson's name are documents dating from more than 15 years ago.  Mandamus is a discretionary writ, and it cannot be used to compel a public officer to perform a nonministerial duty dependent on disputed and doubtful facts. . . . Moreover, the plaintiff bears the burden of demonstrating entitlement to mandamus relief. . . . Here, [plaintiff] has not met his burden of demonstrating entitlement to mandamus relief with respect to Robinson, because his claims rely on unsettled and questionable facts.  Accordingly, the Court will deny [plaintiff]'s request for removal of Robinson's name from the primary ballot.

Concerning McDonald, plaintiff's challenges concern allegedly required filings and unpaid fees.  Plaintiff first explains that on April 1, 2022, McDonald filed an AOI to appear on the August 2022 primary ballot, as a candidate for Highland Park Mayor.  But, as the result of plaintiff's lawsuit filed in that election cycle, all candidates for that office were disqualified in 2022 other than McDonald.[3]  Because McDonald was then the only candidate left, this office did not appear on the primary ballot.  See MCL 168.539 and MCL 168.540.  McDonald was then certified as the nominee for this office on the November 2022 general election ballot.  McDonald won that election.  She is the current Mayor of Highland Park and is now seeking re-election.

Plaintiff raises two challenges concerning McDonald.  First, he argues that McDonald failed to file a preelection campaign statement before the August 2022 primary as required by MCL 169.233(1)(a), or a postelection campaign statement after the same primary election as required by MCL 169.233(1)(b).  Plaintiff alleges that McDonald tried to file a preelection campaign statement before this election but was erroneously told by the Wayne County Clerk that she was not required to file the statement because the office of Highland Park Mayor would not

---

[2] According to plaintiff, these documents are the result of restitution that was ordered to be paid by Robinson, arising from a federal criminal matter.  But he has not provided any other documentation from that case (for example, the judgment of conviction and sentence).  Per his brief on appeal, these documents "were **NOT** immediately available because they have been archived in Chicago and getting actual copies will take approximately 30 business days.  However, the docket from the aforementioned criminal case containing the information outlined above can be accessed via PACER."

[3] *Davis v Highland Park City Clerk*, unpublished per curiam opinion of the Court of Appeals, issued June 2, 2022 (Docket No. 361544).

appear on the August 2022 primary ballot. This is supported by a letter dated July 18, 2022, from the Wayne County Clerk's Office. This letter explains that McDonald "filed a not required Campaign Statement of Pre Primary 2022 on July 18, 2022," and that this "not required" statement was "deleted . . . from our online system." The letter directed McDonald to update the statement to indicate that it was for the November 2022 General Election. Generally, plaintiff argues that McDonald was given incorrect advice by the Wayne County Clerk. He argues that McDonald was indeed required to file both a pre- and post-election statement as to the August 2022 primary election. He claims that because she did not file them, her AOI contains a false statement (in that it affirms that all required campaign statements had been filed). And because the AOI contains this allegedly false statement, plaintiff argues that McDonald must be removed from this year's primary election ballot.

The second challenge concerns an allegedly unpaid $25 late fee. According to plaintiff, McDonald's candidate committee owed a $25 late filing fee, which was assessed by the Wayne County Clerk in 2011 for the late filing of a pre-general election campaign statement. As proof that this was not paid, plaintiff relies on a Freedom of Information Act request that he made in 2026. Plaintiff requested from the Wayne County Clerk records showing this fee was paid. The Wayne County Clerk responded by stating that it could not locate any such records. Plaintiff argues that McDonald's AOI thus contains a second false statement, in that McDonald attested that all outstanding fees had been paid, when in fact, this $25 fee was not paid. According to plaintiff, this too requires that she be removed from this year's primary ballot.

With regard to McDonald, the trial court first held that plaintiff lacked standing to raise his challenges to her candidacy. The trial court relied on MCL 169.215(17) of the Michigan Campaign Finance Act, MCL 169.201 *et seq.*, which states that "there is no private right of action, either in law or in equity, under this act. Except as otherwise provided in section 57, the remedies provided in this act are the exclusive means by which this act may be enforced and by which any harm resulting from a violation of this act may be redressed." The trial court explained that in *Davis v Secretary of State*, unpublished per curiam opinion of the Court of Appeals, issued August 23, 2024 (Docket No. 372008), this Court likewise concluded that plaintiff lacked standing to bring such challenges in light of MCL 169.215(17). The trial court recognized that *Davis* was not binding because it was unpublished, MCR 7.215(C)(1), but found that decision persuasive.

The trial court then also addressed the merits of the underlying challenges. The trial court first held that McDonald was not required to file a preelection campaign statement relative to the August 2022 primary election because no such election was held for the office of Highland Park Mayor. And as for the $25 fee, the trial court wrote that "the documents [plaintiff] offers in support of his allegation are entirely inconclusive." Plaintiff thus failed to demonstrate entitlement to a writ of mandamus. This appeal followed.

## II. STANDARDS OF REVIEW

A trial court's decision to either grant or deny a request for declaratory relief is reviewed for an abuse of discretion. *Warren City Council v Buffa*, 346 Mich App 528, 539; 12 NW3d 681 (2023). Likewise, a trial court's decision whether to grant a writ of mandamus is reviewed for an abuse of discretion. *Id*. "However, whether a plaintiff has a clear legal right to the performance

of a duty and whether a defendant has a clear legal duty to perform are questions of law subject to de novo review." *Id*.

The issuance of a writ of mandamus is an extraordinary remedy. *Id*. at 551. As the trial court recognized, it is *the plaintiff's* burden to demonstrate entitlement to issuance of the writ. *Id*. Thus, in this matter, plaintiff has the burden to demonstrate the following: "(1) a clear legal right to the act sought to be compelled; (2) a clear legal duty by the defendant to perform the act; (3) that the act is ministerial, leaving nothing to the judgment or discretion of the defendant; and (4) that no other adequate remedy exists." *Id*. (quotation omitted). In a mandamus action, a clear, legal right "is one clearly founded in, or granted by, law; a right which is inferable as a matter of law *from uncontroverted facts* regardless of the difficulty of the legal question to be decided." *Id*. (quotation marks and citation omitted; emphasis added). Thus, mandamus will *not* lie "to compel a public officer to perform a duty dependent on disputed and doubtful facts." *Holliday v Bd of State Canvassers*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 372267), slip op at 7. And it is plaintiff, who "bears the burden of producing sufficient record evidence in support [of his claim]—provided that the truthfulness of the relevant factual allegations has not been conceded by the defendant." *Id*.

III. ANALYSIS

A. ROBINSON

Plaintiff argues that the trial court erred by rejecting his challenge to Robinson's AOI. He argues that Robinson's AOI violates MCL 168.558(2) because it does not state her correct legal name. We disagree.

As a starting point, in *Berry v Garrett*, 316 Mich App 37, 42-44; 890 NW2d 882 (2016), this Court explained that election officials have a clear legal duty not to certify candidates for inclusion on a ballot if the candidate files an AOI that does not comply with MCL 168.558(2). This duty arises from MCL 168.558(4), which provides, in relevant part: "An officer shall not certify to the board of election commissioners the name of a candidate who fails to comply with this section, or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section." With this in mind, MCL 168.558(2) provides:

> An affidavit of identity *must contain the candidate's name* and residential address; a statement that the candidate is a citizen of the United States; the title of the office sought including the jurisdiction, district, trial, or ward; the candidate's political party or a statement indicating no party affiliation if the candidate is running without political party affiliation; the term of office; the date of the election in which the candidate wishes to appear on the ballot; a statement that the candidate meets the constitutional and statutory qualifications for the office sought; other information that may be required to satisfy the officer as to the identity of the candidate; *and the manner in which the candidate wishes to have his or her name appear on the ballot. If a candidate is using a name that is not a name that he or she was given at birth, the candidate shall include on the affidavit of identity the candidate's full former name.* If the affidavit of identity is for a candidate for

-5-

precinct delegate, the candidate shall include his or her precinct number on the affidavit of identity. If the affidavit of identity is for a judicial candidate, the candidate shall include on the affidavit of identity whether the office sought is an incumbent position, a nonincumbent position, or a new judgeship. [Emphasis added.]

Plaintiff contends that he has presented uncontroverted proof that Robinson's first name is "Elene," not "Elen." We disagree. As the trial court noted, all plaintiff has provided are a few documents filed in a federal case many years ago. These documents do not prove the correct spelling of Robinson's first name, let alone that Robinson is not using the name she was given at birth. It is entirely possible that the spelling of Robinson's name on the few documents plaintiff found is incorrect. Again, plaintiff bears the burden of producing a sufficient record to prove his claim. *Holliday*, ___ Mich App at ___; slip op at 7. The record he presented does not meet this burden.

Plaintiff argues on appeal that no party provided any documentary evidence to rebut his claims about Robinson's name.[4] This may be true. However, plaintiff has the burden to establish entitlement to relief, and to support his claims with an adequate record. He did not do so. To the extent plaintiff argues that this Court's review is limited to the record established below, we agree with that general premise. *Magley v M & W Inc*, 325 Mich App 307, 322 n 8; 926 NW2d 1 (2018). But again, the problem is that the record presented by plaintiff does not establish that Robinson's AOI violates MCL 168.558(2).

Plaintiff also discusses the trial court's quotation of MCL 168.558(3), which sets forth circumstances in which a candidate is not required to indicate a name change on an AOI, as follows:

(3) The requirement to indicate a name change on the affidavit of identity does not apply if the name in question is 1 of the following:

(a) A name that was formally changed at least 10 years before filing as a candidate.

(b) A name that was changed in a certificate of naturalization issued by a federal district court at the time the individual became a naturalized citizen at least 10 years before filing as a candidate.

(c) A name that was changed because of marriage.

(d) A name that was changed because of divorce, but only if to a legal name by which the individual was previously known.

---

[4] Although Robinson is likely in the best position to explain the situation, she was not named as a defendant in this suit.

(e) A name that constitutes a common law name as provided in section 560b.

Plaintiff asserts that none of these circumstances apply, and that "more importantly," none of the defendants in this suit argued that they did. He then asserts that if any defendant attempted to make such an argument in this Court, it would be unpreserved, and that this Court should decline to consider it and deem it waived.

It is unnecessary to ask whether any of the exceptions of MCL 168.558(3) apply in this case, as plaintiff has not presented a record from which one could conclude that Robinson's AOI does not satisfy MCL 168.558(2). Further, plaintiff has not shown that the exceptions would not apply in this case.

In the end, the analysis as it pertains to Robinson is simple. Plaintiff had the burden to establish entitlement to the relief he sought. This includes presenting a record from which it could be found that Robinson's AOI does not comply with MCL 168.558(2). Plaintiff failed to do so, and so the trial court correctly denied the requested relief.

## A. MCDONALD

As discussed, plaintiff brings two challenges to McDonald's AOI. Both are based on purported violations of the Michigan Campaign Finance Act. The trial court rejected these challenges, first finding that plaintiff lacked standing to bring them, and then concluding that even if plaintiff did have standing, the challenges lack merit.

Regarding the standing question, the trial court relied on MCL 169.215(17) and this Court's unpublished opinion in *Davis v Secretary of State*, unpublished per curiam opinion of the Court of Appeals, issued August 23, 2024 (Docket No. 372008). Despite the trial court's holding on this legal question, plaintiff's appellate brief never cites or discusses MCL 169.215(17), nor does it mention the unpublished decision upon which the trial court relied. The word "standing" appears one time in plaintiff's brief on appeal, in a sentence asserting that ordinary citizens have a general interest in enforcing election law sufficient to "confer standing to seek mandamus relief." That does not answer the question whether MCL 169.215(17) bars plaintiff from raising his challenges to McDonald's AOI. Plaintiff has thus failed to address the trial court's analysis of the standing question. Plaintiff's failure to address this basis for the trial court's decision precludes granting any relief on appeal. See *Roberts & Son Contracting, Inc v North Oakland Dev Corp*, 163 Mich App 109, 113; 413 NW2d 744 (1987) ("Since counsel has failed to address an issue which necessarily must be reached, the relief he seeks, the setting aside of the judgment, may not be granted"). See also *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) (the failure to address the merits of an issue on appeal amounts to abandonment).

Yet even assuming (without deciding) that the trial court was incorrect, and that plaintiff has standing to raise his challenges to the AOI, the trial court correctly rejected them on the merits. First, plaintiff asserts that McDonald must be disqualified because she did not file a preelection campaign statement before the August 2022 primary election, or a postelection campaign statement for the same election. But McDonald filed the preelection statement, only to be told by the Wayne County Clerk that it was unnecessary and would be "deleted" from the system. This

was because the office she was seeking, Highland Park Mayor, would not appear on the primary ballot in 2022. McDonald presumably then did not file the postelection statement as to the August 2022 primary election because again, there was no election after which to file it. Plaintiff argues that the Wayne County Clerk's Office was wrong, and McDonald was still required to file these statements as to the August 2022 primary election. He claims that to the extent McDonald relied on incorrect advice from the Wayne County Clerk, this does not excuse her failure to comply with MCL 169.233.

We disagree. One could first question what else McDonald was to do under the circumstances. And she did file the preelection statement; it was the Wayne County Clerk who then "deleted" it and directed McDonald to amend it to reference the November 2022 general election. But in any event, the Wayne County Clerk was correct in concluding that the statement was not required as to the August 2022 primary election. MCL 169.233(2)(a) provides:

> A candidate committee shall file a preelection campaign statement and a postelection campaign statement *for each election* in which the candidate seeks nomination or election, except if an individual becomes a candidate after the closing date for the preelection campaign statement only the postelection campaign statement is required for that election. [Emphasis added.]

As the trial court explained, the requirement to file preelection and postelection campaign statements is tied to the existence of an "election in which the candidate seeks nomination or election. . . ." McDonald intended to be a candidate on the August 2022 primary ballot. But in fact, there was no mayoral election placed on this ballot. McDonald could not have been a candidate or nominee for Highland Park Mayor in that particular election, as the office did not appear on that ballot at all. As a result, MCL 169.233(2)(a) did not require McDonald to file a preelection or postelection campaign statement relative to the August 2022 primary election.

Plaintiff's remaining argument as to McDonald is that she owes a $25 late fee related to a 2011 campaign filing. But the record made below is inadequate to show that the fee was not paid. The only evidence that this fee remains unpaid is that, in an April 27, 2026 letter responding to various FOIA requests made by plaintiff, the Wayne County Clerk wrote the following:

> Your request #6 seeking copies of any and all receipts and other documents showing proof of payment of the $25 late filing fee that was assessed by the Wayne County Clerk's office to the Committee to Elect Glenda McDonald, Committee ID. #82-155308 for the office of Highland Park City Council, for the late filing of the Pre-General Campaign Statement for the November 8, 2011 municipal general election. After a diligent search for these records, we have determined and certify that they do not exist in the Wayne County Clerk's Office pursuant to MCL 15.235(5)(b).

This proves only that in 2026, some 15 years after the fact, the Wayne County Clerk could not locate a receipt showing that the fee was paid. Given the passage of time, this is not exactly surprising. It also does not prove whether the fee was paid. All it proves is that at present, the Wayne County Clerk cannot locate a record confirming that the fee was paid. As with his challenge to Robinson's AOI, plaintiff argues that no one has rebutted his claim that the fee was

not paid and asserts that there are no disputed facts. But once again, the record made in the trial court is insufficient to prove that he is entitled to the relief sought. The trial court correctly denied the requested relief.[5]

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael F. Gadola
/s/ Mariam S. Bazzi

---

[5] We note that McDonald was not named as a defendant in this suit, but rather McDonald filed a motion to intervene. This motion was denied by the trial court.